IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> LAWRENCE JOHN SHEEHAN, <br><br> Defendant/Movant. | Cause No. CR 09-13-M-DWM <br> CV 16-19-M-DWM <br><br> ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Sheehan's petition for writ of habeas corpus, filed on February 8, 2016. On March 9, 2016, the Court advised Sheehan that it intended to recharacterize the petition as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Sheehan was given an opportunity to amend his pleading to add any further claims for relief he wanted the Court to consider or, in the alternative, to avoid recharacterization by withdrawing the petition.

Although Sheehan sought and received an extension of time to respond, he did not timely respond by the new deadline, May 27, 2016. Nor has he filed anything since.

In the Order of March 30, 2016, Sheehan was advised that failure to timely respond would result in dismissal of his petition for writ of habeas corpus without prejudice for lack of jurisdiction. See Order (Doc. 66) at 3. In addition, the Court

1

explained that the one claim for relief Sheehan advanced in the petition lacks merit. *See id.* at 2. A certificate of appealability is not warranted as Sheehan has not made a showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and reasonable jurists would find no reason to encourage further proceedings, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sheehan's petition for writ of habeas corpus (Doc. 61) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. A certificate of appealability is DENIED on all issues.

3. The clerk shall ensure that all pending motions in this case and in CV 16-19-M-DWM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 19th day of July, 2016.

Donald W. Molloy
United States District Court